FILED

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA *ex rel.*
CHRISTINE DRISCOLL, *et al.*,

        Plaintiffs,

v.

SERONO INC., *et al.*,

        Defendants.

Case: 1:07-mc-00385
Assigned To : Robertson, James
Assign. Date : 9/28/2007
Description: Miscellaneous

## DEFENDANTS CURASCRIPT, INC., LINCOURT PHARMACY CORP., AND BIOSCRIP, INC.'S MOTION TO QUASH

CuraScript, Inc. ("CuraScript"), Lincourt Pharmacy Corp. ("Lincourt"), and BioScrip, Inc. ("BioScrip") (collectively "Movants"), by and through undersigned counsel, move to quash the August 6, 2007 subpoena *duces tecum* served on the United States Department of Justice, Civil Division by attorneys for the plaintiff relators. A copy of the subpoena is attached hereto as Exhibit A. The relators and the Movants are parties in a *qui tam* action brought by the relators in the United States District Court for the District of Massachusetts.

Movants have filed a motion to stay discovery and quash the subpoena in the United States District Court for the District of Massachusetts, which is currently pending. *See* Defendants Lincourt Pharmacy Corp., BioScrip, Inc., and CuraScript, Inc.'s Joint Motion to Stay Discovery and Quash Relators' August 6, 2007 Subpoena Duces Tecum, and supporting memorandum, filed September 14, 2007 (attached hereto as Exhibit B). As set forth in the supporting memorandum, the subpoena should be quashed because the relators have not complied with Federal Rules of Civil Procedure 26(d) and 45(b)(1) governing discovery in the Massachusetts action, and the subpoena is improper under First Circuit law applicable to

discovery in *qui tam* actions while motions to dismiss under Federal Rules 9(b) and 12(b)(6) are pending, as is the case here.[1]

Relators have asserted that the District of Massachusetts lacks jurisdiction over the motion to stay discovery and quash the subpoena. Movants disagree for the reasons set forth in their reply brief, attached as Exhibit C. In any event, Movants respectfully request that this Court either (1) defer to the decision of the District of Massachusetts when rendered on the pending motion to stay discovery and quash the subpoena; (2) transfer the instant motion to that court for decision, *see United States v. Star Scientific, Inc.*, 205 F. Supp.2d 482, 487-488 (D. Md. 2002) (transferring discovery dispute to forum in which action pending); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court may remit objections to subpoena to court in which action pending); or (3) grant this motion for the reasons set forth in the Movants' memoranda set forth as Exhibits B and C.


Dated: September 28, 2007

Respectfully submitted,

Lawrence H. Martin

Lawrence H. Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 2006
Tel.: (202) 223-1200
Fax: (202) 785-6637

---

[1] The Court need not reach the merits of the subpoena *duces tecum*. However, the Movants object to its astonishing overbreadth in (i) scope (the subpoena is not limited to the issues raised in the pleadings in the action pending in the District of Massachusetts, but seeks documents pertaining to topics outside of those pleadings); (ii) time frame (the subpoena seeks documents for 1996-2007, although the pleadings in the action allege that the complained-of activities ended in 2000); or (iii) program (the subpoena is not limited to the federal and state healthcare programs referenced in the pleadings in the action, but extend to any "federal, state or local agency".) A better example of an improper fishing expedition could not be devised, and the subpoena should be quashed for this reason alone.

Nicholas C. Theodorou
Michael P. Boudett
Ara B. Gershengorn
Katherine B. Schmeckpeper
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel.: (617) 832-1000
Fax: (617) 832-7000

Attorneys for CuraScript, Inc.

Marcos E. Hasbun
ZUCKERMAN SPAEDER LLP
101 East Kennedy Boulevard, Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010

Ian Crawford
Raymond Ausrotas
TODD & WELD LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626

Attorneys for Lincourt Pharmacy Corp.

Richard A. Cirillo
Karen R. Kowalski
Cynthia A. Murray
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100

Karen S. Guarino
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309
Tel: (404) 572-4600

Mayeti Garnetchu
WOLF BLOCK
One Boston Place
Boston, MA 02108
Tel: (617) 226-4500

Attorneys for BioScrip, Inc.

## RULE 7.1(M) CERTIFICATION

Pursuant to Local Rule 7.1(m), the undersigned certifies that counsel for Movants conferred with Daniel Reiser, counsel for Relators, regarding the relief sought herein. Relators oppose the relief sought herein.

_Lawrence H. Martin_

Lawrence H. Martin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2007, Foley Hoag LLP, counsel to CuraScript, Inc., has caused Defendants CuraScript, Inc., Lincourt Pharmacy Corp., and BioScrip, Inc.'s Motion to Quash to be served via overnight mail upon:

Donald K. Stern
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110


Ronald E. Osman
Ronald E. Osman & Associates Ltd.
1602 W. Kimmel
P.O. Box 939
Marion, IL 62959

Brandon L. Bigelow
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Kevin J. O'Connor
Wolf, Block, Schorr & Solis-Cohen LLP
One Boston Place, 40th Floor
Boston, MA 02108

Richard J. Grahn
Looney & Grossman
101 Arch Street
Boston, MA 02110

Raymond P. Ausrotas
Todd & Weld LLP
28 State Street
Boston, MA 02109


Donald A. English
English & Gloven, P.C.
550 West C. Street
Suite 1800
San Diego, CA 92101-3545

Jennifer C. Boal
Patricia M. Connolly
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Lauren J. Coppola
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Suzanne E. Durrell
180 Williams Avenue
Milton, MA 02186


Stephen R. Follansbee
Follansbee & McLeod
10 McGrath Highway
Quincy, MA 02169

Thomas J. Lynch
Lynch Associates LLC
Ten McGrath Highway
Quincy, MA 02169

Richard E. Quinby
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Robert M. Thomas, Jr.
Thomas & Associates
600 Atlantic Avenue, 12th Floor
Boston, MA 02210-2211

Stacey L. Gorman
Kirkpatrick & Lockhart
Preston Gates Ellis LLP - MA
One Lincoln Street
Boston, MA  02111-2950

Christy I. Yee
English & Gloven, P.C
550 West C. Street, Suite 1800
San Diego, CA  92101-3545

William Shaw McDermott
Kirkpatrick & Lockhart
State Street Financial Center
1 Lincoln Street
Boston, MA  02111

Carl Valvo
Cosgrove, Eisenberg & Kiley, PC
One International Place, Suite 1820
Boston, MA  02110

Neyah K. Bennett
Raymond & Bennett
90 National Drive
Glastonbury, CT 06033

Lawrence H. Martin
Lawrence H. Martin

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION          *www.craigmacauley.com*
COUNSELLORS AT LAW

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

September 10, 2007

Re:    United States ex. rel Christine Driscoll et al. v Serono, Inc. et al
       United States District Court of Massachusetts – C.A. 00-11680-GAO

Dear Counsel,

Enclosed for service is a copy of a subpoena and the attached schedule A served upon the Department of Justice in relation to this action. You will note that the subpoena has a return date of August 27, 2007. The subpoena was not previously served on Defendants because issues arose regarding the acceptance of the subpoena by the government. As the government has only now begun to process the subpoena, service is now appropriate. Although the subpoena identifies August 27, 2007 as the date of the deposition, no deposition took place on that date. Further, no future date for any such deposition has been scheduled.

Plaintiffs are currently engaging in discussions with the Department of Justice to obtain the documents identified in the schedule A. No documents have been produced to the Plaintiffs as of this date. We will inform Defendants of any and all developments on this matter as soon as they occur.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lauren J. Coppola

Enclosure

0fb93383

**FILED**

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF        DISTRICT OF COLUMBIA

United States of America. ex. rel.,
CHRISTINE DRISCOLL, et al.,                    **SUBPOENA IN A CIVIL CASE**

Plaintiffs,

V.

SERONO, Inc. et al.,                           Case Number: 00-11680-GAO
                                               District of Massachusetts
                     Defendants.

TO:    U.S. Department of Justice— Civil Division
       950 Pennsylvania Avenue, NW
       Washington, DC 20530-0001

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
     See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Pillsbury Winthrop Shaw Pittman, LLP | |
| 2300 N Street, NW | August 27, 2007 |
| Washington, DC 20037-1122 | |
| 202-663-8000 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTFF OR DEFENDANT) | DATE |
|---|---|
| | August 6, 2007 |
| Attorney for Christine Driscoll | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Daniel C. Reiser, Esq., Craig and Macauley Professional Corporation
Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

TO:    U.S. Department of Justice – Civil Division
       950 Pennsylvania Ave., NW
       Washington, DC 20530-0001

## SCHEDULE A

Christine Driscoll, pursuant to Fed. R. Civ. P. 45, requests that the Department of

Justice, its Civil Division and any Keeper of the Records (collectively, "DOJ") produce

for inspection and copying at the location and on the date set forth in the attached

subpoena, or at such other location and time as may be agreed, all documents specified

in Section III, below. The following instructions and definitions govern this request.

## I. INSTRUCTIONS

1.    This request requires supplemental or amended responses to the extent

required by Fed. R. Civ. P. 26(e). In addition, this request shall be deemed to be a

continuing request for supplemental or amended responses pursuant to Fed. R. Civ. P.

26(e).

2.    If any request is objected to on the ground of attorney-client privilege or

on the ground of privilege for material prepared in anticipation of litigation or for trial:

(a)    Sufficient information must be provided:

(i)    to permit the allegedly privileged information to be identified in a

motion to compel production; and

(ii)    to explain the basis for the claim of privilege in order that a court

can determine its propriety.

(b)     Any allegedly privileged document must be identified by author, addressee, date, title, number of pages, subject matter, brief summary and type (e.g., letter, note or memorandum).

3.     Any document, information, or thing for which there is a claim of privilege or protection must be produced in its entirety, except only as to that portion of the content which is claimed to be privileged or protected.

4.     Documents covered by this Request must be produced as they are kept in the usual course of business or must be organized and labeled to correspond with the categories in this Request.

5.     If you are unable to obtain any document required to be produced pursuant to this Request because the document is in the possession, custody or control of any other person or entity, you are required to: (i) identify the document by its author, addressee, date, title, number of pages, subject matter, and type (e.g., letter, note or memorandum); (ii) describe your efforts to obtain the document; and (iii) state any reasons given by the person in possession, custody or control of the document for not providing it to you.

6.     All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to documents must be produced and must be attached to the document to which they relate.

## II. DEFINITIONS

1.    <u>Document</u>:  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

2.    <u>Concerning</u>:  The term "concerning" means referring to, describing, evidencing, relating to, or constituting.

3.    <u>Refer or Refers to</u>:  The term "refer" or "refers to" means mentioning, discussing, making reference to, or relating to in any way.

4.    <u>Relate or Relates to</u>:  The term "relate" or "relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

5.    <u>Number</u>:    Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

6.    <u>Entities</u>:    A reference to any entity includes that entity's officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, attorneys, predecessors, successors, assigns, and/or joint venture affiliates.

7.    <u>Pharmacy Defendants</u>:  All references to the "Pharmacy Defendants" include all of the following Defendants in the above-referenced action: Accent RX, Inc. (f/k/a App Specialty Pharmacy), Beverly Hills Pharmacy, Bioscrip, Inc. (f/k/a Statscript Pharmacy, Inc., Capitol Drugs, Commcare Pharmacy, Inc., Curascript Pharmacy, Inc., Discount Medical Pharmacy, Echo Drugs, Lincourt Professional Pharmacy Priority Pharmacy, TDI Pharmacy and Total Remedy Prescription Center.

8.   Serono:  All references to "Serono" include Serono, Inc., Serono

Laboratories, Inc., Ares-Serono, S.A. and Serono, S.A.

IV.  REQUESTS

Driscoll hereby requests that the DOJ produce and permit Driscoll to inspect and

copy as aforesaid all documents concerning the following matters:

1.   All statements and records containing any information relating to claims

for payment made by any of the Pharmacy Defendants to any federal, state or local

agency from January 1, 1996 through January 1, 2007.

2.   Any and all documents which evidence agreements or contracts between

any and all of the above listed Pharmacy Defendants and any federal, state, local

healthcare agency from January 1, 1996 through January 1, 2007.

3.   Any and all agreements or contracts between any and all of the Pharmacy

Defendants and Serono.

4.   Any and all correspondence between the Department of Justice and any

and all of the Pharmacy Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTINE DRISCOLL, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 00-11680GAO ) |
| SERONO INC., *et al.*, | ) ) |
| Defendants. | ) ) |

**DEFENDANTS LINCOURT PHARMACY CORP., BIOSCRIP, INC., AND
CURASCRIPT, INC.'S JOINT MOTION TO STAY DISCOVERY AND
QUASH RELATORS' AUGUST 6, 2007 SUBPOENA *DUCES TECUM***

Defendants Lincourt Pharmacy Corp.[1] ("Lincourt"), BioScrip, Inc. ("BioScrip"), and

CuraScript, Inc. ("CuraScript"), by and through undersigned counsel, move to stay discovery in

this matter pending the Court's decision on the Motions to Dismiss filed by Lincourt, BioScrip,

and CuraScript (collectively "Defendants"). All of the Defendants have moved to dismiss the

Fourth Amended Complaint ("Fifth Complaint") with prejudice on, among other grounds, failure

to comply with Fed.R.Civ.P. 9(b). Defendants also move to quash Relators' August 6, 2007

subpoena *duces tecum* served on the United States Department of Justice, Civil Division

("United States").

By letter dated September 10, 2007, counsel for Relators Christine Driscoll and Frank

Garcia (collectively "Relators") advised counsel for some of the defendants that Relators had

---

[1] The summons identifies Lincourt Pharmacy Corp. as having been served with process in
this matter, while the Fourth Amended Complaint identifies Lincourt Professional Pharmacy as a
defendant. Lincourt Pharmacy Corp. is the proper and correct name of defendant Lincourt.

07M9 385

**FILED**

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

24-

served a subpoena *duces tecum* on the United States. Relators issued the subpoena *duces tecum* on August 6, 2007.

Relators are not entitled to pursue any discovery at this time. First, Relators have not complied with either Fed.R.Civ.P. 26(d) or with Local Rule 26.2(A). Second, Relators have violated Rule 45 by failing to provide Defendants with prior, or at least contemporaneous notice, of the subpoena *duces tecum* issued to the United States on August 6, 2007. Third, the First Circuit Court of Appeals unequivocally prohibits a relator from utilizing discovery to satisfy the heightened pleading requirements imposed by Fed.R.Civ.P. 9(b).

WHEREFORE, Defendants Lincourt Pharmacy Corp., BioScrip, Inc., and CuraScript, Inc. respectfully request that the Court issue an order staying all discovery in this action, and an order quashing Relators' August 6, 2007 subpoena *duces tecum* to the United States, pending a ruling by the Court on Defendants' respective Motions to Dismiss.

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) of LR, D. Mass, Marcos E. Hasbun, counsel for Lincourt Pharmacy Corp., conferred with Daniel Reiser, counsel for Relators, regarding the relief sought herein. Relators oppose the relief sought herein.

Respectfully submitted,

/s/ Marcos E. Hasbun
Marcos E. Hasbun
Florida Bar No. 0145270
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel.: (813) 221-1010
mhasbun@zuckerman.com
Dated: September 14, 2007          Admitted *pro hac vice*

2

/s/ Raymond P. Ausrotas
Ian Crawford (BBO #544475)
Raymond Ausrotas (BBO #640315)
TODD & WELD LLP
28 State Street
Boston, Massachusetts 02109
Tel.: (617) 720-2626
icrawford@toddweld.com
rausrotas@toddweld.com
**Attorneys for Lincourt Pharmacy Corp.**

/s/ Nicholas C. Theodorou
Nicholas C. Theodorou (BBO #496730)
Michael P. Boudett (BBO #558757)
Ara B. Gershengorn (BBO #647305)
Katherine Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
ntheodorou@foleyhoag.com
**Attorneys for CuraScript, Inc.**

/s/ Mayeti Garnetchu
Mayeti Garnetchu
WOLF BLOCK
One Boston Place
Boston, MA 02108
Tel: (617) 226-4500

Richard A. Cirillo
Karen R. Kowalski
Cynthia A. Murray
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100

Karen S. Guarino
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: (404) 572-4600
**Attorneys for BioScrip, Inc.**

3

## CERTIFICATE OF SERVICE

I, Raymond P. Ausrotas, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Raymond P.Ausrotas

Dated: September 14, 2007

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTINE DRISCOLL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SERONO INC., *et al.*, <br><br> Defendants. | C.A. No. 00-11680GAO |

**DEFENDANTS LINCOURT PHARMACY CORP., BIOSCRIP, INC., AND CURASCRIPT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO STAY DISCOVERY AND QUASH RELATORS' AUGUST 6, 2007 SUBPOENA *DUCES TECUM***

**I.    Introduction**

Relators' Fourth Amended Complaint (the "Fifth Complaint") alleges that several pharmacies violated the federal and state false claims acts allegedly by receiving and not disclosing to the government discounts on their purchases of Serostim, an AIDS drug. (Doc. 116 at ¶¶ 69—73, 109—113)  The defendants include Lincourt Pharmacy Corp. ("Lincourt"), Bioscrip, Inc. ("BioScrip"), and CuraScript, Inc. ("CuraScript"), who have moved to dismiss the Fifth Complaint for, *inter alia*, failure to satisfy the Rule 9(b) heightened pleading standard, failure to state a claim, and failure to satisfy the statute of limitations.  (Lincourt Mem. of Law, Doc. 139; BioScrip Mem. of Law, Doc. 166;  CuraScript Mem. of Law, Doc. 174).  The Relators, after requesting extensions of time, are due to respond to the dismissal motions on October 5, 2007.

In assenting to the Relators' request to extend time until October 5, defendants relied on the Relators' representation that they (a) wanted to submit an omnibus response to the various Defendants' respective Motion to Dismiss, and (b) that the health of one of their lawyers

necessitated an additional extension. Yet, earlier this week, the defendants learned that the Relators, without notice and in violation of the Federal Rules, had been, as early as August 6, 2007, engaging in an attempt to use discovery to try to obtain additional information to supplement their wholly deficient Fifth Complaint. Specifically, a September 10, 2007 letter sent by the Relators' counsel to at least some defendants' counsel advised that **on August 6**, the Relators had issued a subpoena *duces tecum* to the United States Department of Justice, Civil Division. (The letter and subpoena are attached hereto as <u>Exhibit A</u>.) The Relators' subpoena *duces tecum* demands that DOJ produce the following information:

(1)    All statements and records containing any information relating to claims for payment made by any of the Pharmacy Defendants to any federal, state or local agency from January 1, 1996 through January 1, 2007;

(2)    Any and all documents which evidence agreements or contracts between any and all of the . . . Pharmacy Defendants and any federal, state, or local healthcare agency from January 1, 1996 through January 1, 2007;

(3)    Any and all agreements or contracts between any and all of the Pharmacy Defendants and Serono;

(4)    Any and all correspondence between the Department of Justice and any and all of the Pharmacy Defendants.

In other words, after receiving Lincourt's June 11, 2007 and BioScrip's August 2, 2007 Motions to Dismiss (Docs. 138 & 139 and 167 & 168), demonstrating that the Fifth Complaint falls far short of satisfying Rules 9(b) and 12(b)(6), the Relators issued the subpoena *duces tecum* **without notice to the defendants** in a transparent attempt to use discovery devices in the hope of remedying the fatal deficiencies of the Fifth Complaint.

The Relators' conduct violates the Federal Rules. The Relators (i) may not engage in any discovery without first complying with Rule 26(d), which they have not done; (ii) may not pursue discovery under their August 6 subpoena because they failed to give prior, or even timely notice under Rule 45; and (iii) under this Circuit's law, may not use discovery to try to cure the fatal Rule 9(b) deficiencies of their Fifth Complaint.

2

II.    **Relators Are Barred from Initiating Discovery at this Time**

    A.    **Relators Have Failed to Comply with Fed. R. Civ. P.26(d) and Local Rule 26.2.**

Fed.R.Civ. P. 26(d) provides that "a party may not seek discovery *from any source* before the parties have conferred as required by Rule 26(f)." (emphasis added). Likewise, Local Rule 26.2(A) mandates that "before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P.26(a)(1)."

None of the parties have met and conferred pursuant to Rule 26(f), and Relators have not made any of the initial disclosures required by Rule 26(a)(1). Accordingly, absent compliance with Rule 26(d) and Local Rule 26.2(A), Relators are precluded from seeking discovery from any source, including the United States.

    B.    **Relators Have Failed to Comply with the Notice Requirements of Fed. R. Civ. P. 45.**

Relators issued the subpoena *duces tecum* on August 6, 2007, but waited over a month, until September 10, 2007, to give the defendants notice of their subpoena. Relators seek to deflect attention from their failure to give notice because of what they say were "issues . . . regarding acceptance of the subpoena by the government," and their irrelevant claim that "[a]s the government has only now begun to process the subpoena, service is now appropriate." (Ex. A) Fortunately, to date, the United States has not produced any documents to Relators. (*Id.*)

Relators have flagrantly violated Fed. R. Civ. P. 45. In this regard, Rule 45 explicitly requires that *prior* to issuing a subpoena *duces tecum*, the party issuing the subpoena must serve a copy of the subpoena on all parties to the litigation. *See* Fed. R. Civ. P. 45(b)(1) ("*Prior notice* of any commanded production of documents and things . . . shall be served on each party in the manner prescribed by Rule 5(b).") (Emphasis added). The purpose of the prior notice requirement is to afford other parties the opportunity to object to the production, which, for the

3

reasons set forth herein in Sections II(A) and (C), Defendants certainly would have done.    The 1991 Advisory Committee Note to Rule 45 states: "A provision requiring service of prior notice pursuant to Rule 5 of compulsory pretrial production or inspection has been added to paragraph (b)(1).    The purpose of such notice is to afford other parties an opportunity to object to the production or inspection. . . ." *See Butler v. Biocore Med. Tech., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) (agreeing with trial court that "the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena.").[1]

By waiting well over a month before notifying all defendants of the August 6, 2007 subpoena *duces tecum*, Relators violated the clear dictates of Rule 45(b)(1).    Accordingly, the Court should quash the subpoena. *See, e.g., Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01 CIV 0877, 2002 WL 424647 at * 2 (S.D.N.Y. Mar. 19, 2002) (quashing third-party subpoenas for failure to provide parties with prior notice and observing that "defendant's admitted violation of Rule 45(b)(1) cannot be countenanced."); *Schweizer v. Mulvehill*, 93 F. Supp.2d 376, 412 (S.D.N.Y. 2000) ("[P]laintiff failed to provide notice to the defendants of the . . . subpoena prior to, or contemporaneously with, its issuance.    Therefore, pursuant to Rule 45(b)(1), the subpoena, had it not been withdrawn, would properly be quashed."); *Adidas America, Inc. v. Payless Shoesource, Inc.*, No. CV-01-1655-RE, 2004 WL 948940 at *1-2 (D. Or., Apr. 27, 2004) (granting protective order precluding discovery relating to 25 third-party subpoenas based, in part, on failure to provide prior notice under Rule 45(b)(1)).

### C.    Relators May Not Circumvent the First Circuit's Prohibition Against Using Discovery to Satisfy Rule 9(b)'s Strictures in the *Qui Tam* Context.

As Relators are well aware, Rule 9(b) serves "to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of

---

[1]    Here, Relators have not only failed to provide Defendants with notice of the subpoena prior to its August 6, 2007 issue date, but have likewise failed to even provide notice before the subpoena's official return date of August 27, 2007.

suits that simply hope to uncover relevant information during discovery." *United States ex rel.*
*Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004). In light of the strong
financial incentive relators have under the False Claims Act to make bare-boned claims of fraud,
the First Circuit prohibits relators from "filling in the blanks" of a bare-boned complaint through
discovery. *Id.* at 229, 231 ("The reluctance of courts to permit qui tam relators to use discovery
to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff, who has
suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown
wrongs."). In light of these concerns, *Karvelas* unequivocally holds that "a qui tam relator may
not present general allegations in lieu of the details of actual false claims in the hope that such
details will emerge through subsequent discovery." *Id.* at 231.[2]

As argued in the Motions to Dismiss, Relators' Fifth Complaint falls woefully short of
complying with Rule 9(b). Relators' issuance of the subpoena *duces tecum* to the United States
reflects Relators' implicit concession that the Fifth Complaint does not satisfy Rule 9(b). During
a January 25, 2007 status conference, the Relators represented to this Court that their Fifth
Complaint would be the final amendment of their pleading, first filed seven years ago.[3]
Nonetheless, in a desperate attempt to prevent the dismissal of their fact-starved Fifth Complaint,
Relators have done precisely that which the First Circuit explicitly prohibits: attempting to use
information obtained in discovery to satisfy Rule 9(b)'s particularity requirements.

---

[2]     Not surprisingly, the First Circuit is not alone in this regard. *See, e.g., United States ex
rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) ("We join the more recent
decisions and therefore reject [relator's] request to permit discovery to satisfy Rule 9(b).");
*United States ex rel. Clausen v. Lab. Corp. of America*, 290 F.3d 1301, 1313 n. 24 (11th Cir.
2002) (observing that "[w]hen a [relator] does not specifically plead the minimum elements of
[his] allegation, it enables [relator] to learn the complaint's bare essentials through
discovery....").

[3]     "What we need at this point in time, or what we'd like, is an opportunity to amend the
complaint *one last time*." (Tr. at p. 5, l. 13; p. 9, ll. 9-12 (emphasis added)).

Accordingly, the Court should quash Relators' August 6, 2007 subpoena *duces tecum*, and also order a stay of all discovery until the Court rules on the pending Motions to Dismiss.

WHEREFORE, Defendants Lincourt Pharmacy Corp., BioScrip, Inc. and CuraScript, Inc. request that this Honorable Court quash the August 6, 2007 subpoena *duces tecum* issued by Relators to the United States Department of Justice, Civil Division, and furthermore order a stay of all discovery in this matter pending the Court's ruling on the various Motions to Dismiss that have been filed in this action.

Respectfully submitted,

/s/ Marcos E. Hasbun
Marcos E. Hasbun
Florida Bar No. 0145270
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel.: (813) 221-1010
mhasbun@zuckerman.com
Admitted *pro hac vice*

Dated: September 14, 2007

/s/ Raymond P. Ausrotas
Ian Crawford (BBO #544475)
Raymond Ausrotas (BBO #640315)
TODD & WELD LLP
28 State Street
Boston, Massachusetts 02109
Tel.: (617) 720-2626
icrawford@toddweld.com
rausrotas@toddweld.com
**Attorneys for Lincourt Pharmacy Corp.**

/s/ Nicholas C. Theodorou
Nicholas C. Theodorou (BBO #496730)
Michael P. Boudett (BBO #558757)
Ara B. Gershengorn (BBO #647305)
Katherine Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
ntheodorou@foleyhoag.com
**Attorneys for CuraScript, Inc.**

6

/s/  Mayeti Garnetchu
Mayeti Garnetchu
WOLF BLOCK
One Boston Place
Boston, MA 02108
Tel: (617) 226-4500

Richard A. Cirillo
Karen R. Kowalski
Cynthia A. Murray
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100

Karen S. Guarino
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: (404) 572-4600
**Attorneys for BioScrip, Inc.**

### CERTIFICATE OF SERVICE

I, Raymond P. Ausrotas, hereby certify that this document has been filed through the
ECF system, will be sent electronically to the registered participants as identified on the notice of
Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered
participants on this date.

/s/  Raymond P. Ausrotas

Dated:  September 14, 2007

7

EXHIBIT A

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

September 10, 2007

Re:   United States ex rel Christine Driscoll et al v Serono, Inc et al
      United States District Court of Massachusetts – C.A. 00-11680-GAO

Dear Counsel,

Enclosed for service is a copy of a subpoena and the attached schedule A served upon the Department of Justice in relation to this action. You will note that the subpoena has a return date of August 27, 2007. The subpoena was not previously served on Defendants because issues arose regarding the acceptance of the subpoena by the government  As the government has only now begun to process the subpoena, service is now appropriate  Although the subpoena identifies August 27, 2007 as the date of the deposition, no deposition took place on that date  Further, no future date for any such deposition has been scheduled.

Plaintiffs are currently engaging in discussions with the Department of Justice to obtain the documents identified in the schedule A  No documents have been produced to the Plaintiffs as of this date  We will inform Defendants of any and all developments on this matter as soon as they occur

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lauren J Coppola

Enclosure

RECEIVED
SEP 1 2 2007
BY: ......................

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF      DISTRICT OF COLUMBIA

United States of America. ex rel ,
CHRISTINE DRISCOLL. et al ,

         Plaintiffs,

        V

SERONO. Inc  et al.,

        Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number: 00-11680-GAO
District of Massachusetts

TO:    U S Department of Justice— Civil Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
| --- | --- |
| Pillsbury Winthrop Shaw Pittman. LLP<br>2300 N Street, NW<br>Washington, DC 20037-1122<br>202-663-8000 | August 27, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTFF OR DEFENDANT) | DATE |
| --- | --- |
| _signature_ <br> Attorney for Christine Driscoll | August 6  2007 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER Daniel C  Reiser, Esq , Craig and Macauley Professional Corporation
Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA  02210

(See Rule 45  Federal Rules of Civil Procedure  Parts C & D on next page)

TO:   U.S. Department of Justice – Civil Division
      950 Pennsylvania Ave., NW
      Washington, DC 20530-0001

## SCHEDULE A

Christine Driscoll, pursuant to Fed. R. Civ. P. 45, requests that the Department of

Justice, its Civil Division and any Keeper of the Records (collectively, "DOJ") produce

for inspection and copying at the location and on the date set forth in the attached

subpoena, or at such other location and time as may be agreed, all documents specified

in Section III, below  The following instructions and definitions govern this request

## I  INSTRUCTIONS

1     This request requires supplemental or amended responses to the extent

required by Fed. R. Civ. P. 26(e)  In addition, this request shall be deemed to be a

continuing request for supplemental or amended responses pursuant to Fed. R. Civ. P.

26(e)

2.    If any request is objected to on the ground of attorney-client privilege or

on the ground of privilege for material prepared in anticipation of litigation or for trial:

(a)    Sufficient information must be provided:

(i)    to permit the allegedly privileged information to be identified in a

motion to compel production; and

(ii)   to explain the basis for the claim of privilege in order that a court

can determine its propriety

(b)    Any allegedly privileged document must be identified by author, addressee, date, title, number of pages, subject matter, brief summary and type (e g., letter, note or memorandum).

3    Any document, information, or thing for which there is a claim of privilege or protection must be produced in its entirety, except only as to that portion of the content which is claimed to be privileged or protected.

4    Documents covered by this Request must be produced as they are kept in the usual course of business or must be organized and labeled to correspond with the categories in this Request

5    If you are unable to obtain any document required to be produced pursuant to this Request because the document is in the possession, custody or control of any other person or entity, you are required to: (i) identify the document by its author, addressee, date, title, number of pages, subject matter, and type (e g., letter, note or memorandum); (ii) describe your efforts to obtain the document; and (iii) state any reasons given by the person in possession, custody or control of the document for not providing it to you

6    All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to documents must be produced and must be attached to the document to which they relate.

## II  DEFINITIONS

1      Document: The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R  Civ  P  34(a)  A draft or non-identical copy is a separate document within the meaning of this term

2      Concerning: The term "concerning" means referring to, describing, evidencing, relating to, or constituting

3      Refer or Refers to: The term "refer" or "refers to" means mentioning, discussing, making reference to, or relating to in any way

4      Relate or Relates to: The term "relate" or "relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to

5      Number:     Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular

6      Entities:     A reference to any entity includes that entity's officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, attorneys, predecessors, successors, assigns, and/or joint venture affiliates

7      Pharmacy Defendants: All references to the "Pharmacy Defendants" include all of the following Defendants in the above-referenced action: Accent RX, Inc. (f/k/a App Specialty Pharmacy), Beverly Hills Pharmacy, Bioscrip, Inc  (f/k/a Statscript Pharmacy, Inc , Capitol Drugs, Commcare Pharmacy, Inc , Curascript Pharmacy, Inc , Discount Medical Pharmacy, Echo Drugs, Lincourt Professional Pharmacy Priority Pharmacy, TDI Pharmacy and Total Remedy Prescription Center

8    Serono: All references to "Serono" include Serono, Inc , Serono Laboratories, Inc , Ares-Serono, S A. and Serono, S.A

## IV  REQUESTS

Driscoll hereby requests that the DOJ produce and permit Driscoll to inspect and copy as aforesaid all documents concerning the following matters:

1    All statements and records containing any information relating to claims for payment made by any of the Pharmacy Defendants to any federal, state or local agency from January 1, 1996 through January 1, 2007

2    Any and all documents which evidence agreements or contracts between any and all of the above listed Pharmacy Defendants and any federal, state, local healthcare agency from January 1, 1996 through January 1, 2007

3    Any and all agreements or contracts between any and all of the Pharmacy Defendants and Serono

4    Any and all correspondence between the Department of Justice and any and all of the Pharmacy Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTINE DRISCOLL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 00-11680GAO |
| SERONO INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |



°7MS 385

**FILED**

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

substantive law prohibiting discovery in *qui tam* actions until the Relators have satisfied Rule

9(b)'s heightened pleading standards.

Relators attempt to downplay their "inadvertent failure" to notify the Pharmacy

Defendants of the subpoena until over a month after issuing it rings hollow when placed in its

proper context. Relators realize their Fifth Complaint is deficient, and, in an act of sheer

desperation, took the extraordinary step of improperly attempting to obtain backdoor discovery –

without complying with Rule 26(d) and (f), without notice to any of the Defendants as required

by Rule 45, and in direct conflict with substantive First Circuit law – in the hope they might

discover evidence of *some* claim to satisfy Rule 9(b)'s pleading requirements in the *qui tam*

context. Against this backdrop of procedural and substantive impropriety, Relators level the

disingenuous claim that Defendants somehow acted improperly by asking this Court for relief

and the United States to await this Court's ruling on this motion before responding to the

subpoena, a reasonable request to which the United States readily agreed.

## ARGUMENT

There is a simple and dispositive answer to each of Relators' opposition arguments:

1.    Relators argue (Opp. at 5-7) that the moving Defendants lack standing to make

this motion.    Quite to the contrary, the Defendants are directly affected by the Relators'

discovery efforts, which arise solely out of this lawsuit. Of course they have "standing" to ask

this Court to exercise its power to control discovery and compel the Relators to comply with the

discovery rules and this Circuit's substantive *qui tam* law concerning discovery. *See, e.g., Fox

Indus., Inc. v. Gurovich*, No. 03-5166, 2006 WL 2882580, at *11 (E.D.N.Y. Oct. 6, 2006)

(holding that defendants have standing to raise issue of Rule 45 "prior notice" requirement);

*Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01 Civ. 0877 (RLC), 2002 WL 424647, at

*2 (S.D.N.Y. 2002) (party motion to quash subpoena granted); *Schweizer v. Mulvehill*, 93 F.

Supp.2d 376, 412 (S.D.N.Y. 2000) (stating that the court could have granted defendant's motion

to quash if plaintiff had not withdrawn the subpoena); *Siemens Credit Corp. v. Am. Transit Ins.*

*Co.*, No. 00 Civ. 0880, 2000 WL 534497, at *1 (S.D.N.Y. May 3, 2000) (stating that the district

court has authority to control the timing and sequence of discovery). The fact that the Relators

issued their subpoena from the District Court for the District of Columbia does not affect this

Court's authority or jurisdiction over discovery in the case or deprive the moving Defendants of

their rights under the Federal Rules.[1]

2.        Relators argue (Opp. at 10) that their Fifth Complaint will survive the dismissal

motions, making discovery appropriate. Defendants disagree. The dismissal motions are strong

and well presented, and the Relators concede this, arguing that they should have discovery

because denying them "access to this documentation at this crucial time would be detrimental to

its [sic] case . . . . Relators are entitled to discovery with respect to information that may bear on

the disposition of a pending motion." (Opp. at 10) Thus, the Relators essentially concede that

their Fifth Complaint does not meet the pleading standards addressed in the defendants'

dismissal motions. Further, the Relators' statement of the law is incorrect: under this Circuit's

law, as elsewhere, discovery may not be used to attempt to cure Rule 9(b) and 12(b)(6) defects

in a *qui tam* complaint. *See, e.g., Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226, 229,

231 (1st Cir. 2004); *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th

---

[1]        To avoid any doubt, the moving defendants are filing a motion in the District of Columbia to quash the
subpoena suggesting that the District of Columbia Court defer to this Court's decision on this motion. *See In re
Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *United States v. Star Scientific, Inc.*, 205 F. Supp.2d
482, 487 n.4 (D. Md. 2002). Nevertheless, this Court's jurisdiction over the Relators and its authority to control all
discovery proceedings in this case are unaffected by the location where the Relators initiate or conduct discovery.

3

Cir. 2006); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002); *United States ex rel. Rost v. Pfizer, Inc.*, 446 F. Supp.2d 6, 26 (D. Mass. 2006).[2]

This judicially made rule barring discovery in a *qui tam* action pending the disposition of a dismissal motions is based on sound policy as well as practicality. Practically, if the Relators do not have a sustainable complaint, they are not entitled to *any* discovery, now or in the future. As to policy, the Relators have not made a showing comparable to what would be required under Fed. R. Civ. P. 27 to obtain discovery in aid of framing a pleading. In addition, the case law cited above bars such discovery. This judge-made rule is comparable to the congress-made rule in the Private Securities Litigation Reform Act, which precludes discovery once a Rules 9(b)/12(b)(6) motion is addressed to the complaint. 15 U.S.C. §§77z-1(b)(1), 78u-4(b)(3)(B); *see, e.g., Newby v. Enron*, Civ. No. 01-3624, 2002 WL 1001056 (S.D. Tex. May 1, 2002) (quashing subpoenas).

Relators argue that, however the dismissal motions are decided, this case will continue against six non-moving defendants, making discovery efficient. (Opp. at 7-10) That may or may not be true. Other answering defendants may seek the same dismissal as the moving Defendants

---

[2]     Relators' attempt to distinguish *Karvelas* as a "strike suit" is not supportable based either on the First Circuit's opinion or on any difference between the quality of the *Karvelas* pleadings and those here. Whatever can be said about the government's settled case against Serono, the inadequacy of the Relators' allegations against the Pharmacy Defendants is amply shown in the pending motions to dismiss. Relators do not attempt to distinguish the other authorities cited by the Movants. Furthermore, the Relators' effort (Opp. at 9) to suggest that their complaint against the Pharmacy Defendants is somehow strengthened by the amount Serono paid to the U.S. government on different allegations in a different complaint is unpersuasive. The cause of the Serono settlement was the government, not the Relators, and the basis of the settlement had nothing to do with anything alleged by the Relators against the Pharmacy Defendants. *See U.S. v. Serono Labs., Inc.*, 1:05-cr-10282 (D. Mass.) (RCL) (Docket No. 1); Memorandum of Law in Support of Defendant BioScrip, Inc.'s Motion to Dismiss the Fourth Amended Complaint (Docket No. 166) at 4 n.2. The size of the Serono settlement is no more relevant to the adequacy of the Relators Fifth Complaint than the fact that some cases in which the government chooses not to intervene are ultimately dismissed or settled for their strike suit value. *See* 2 John T. Boese, *Civil False Claims and Qui Tam Actions*, Appendix H-2 (3d ed. 2007).

4

after the Court rules on the pending motions.[3] Thus, the case against the non-moving defendants may or may not go forward, and discovery as to them would, in any event, be different in scope than discovery as to, and would not burden, the dismissed Defendants. Nevertheless, the critical point is that the Relators are not entitled under any circumstances to initiate discovery without first complying with the Federal Rules, which they concede they have not done. Discovery at this point in the case would violate the Rules and applicable First Circuit law.

     3.    Relators argue that "staying discovery until the resolution of the dismissal motions . . . will be detrimental to Relators' responses to those dismissal motions as well as any possible request to amend the Fourth Amended Complaint to cure any potential deficiencies," Opp. at 10), again conceding the Fifth Complaint's insufficiency. They further assert that the discovery sought "will [not] burden the Defendants in any way." (Opp. at 11) Again, the Relators are wrong on both points.

     First, if the Fifth Complaint is found sufficient, discovery will follow in due course *after* and subject to compliance with the Federal Rules; however, if it is found insufficient, the Relators will not be entitled to any discovery, now or later. Second, the Relators may not use discovery to brush up or recast their Fifth Complaint, which they have had over seven years to investigate and which they advised the Court they would not amend again.[4] Third, if discovery

---

[3]    Some defendants have not filed any response to the Fifth Complaint, and Relators have sought a default against them defendants. Those defendants, however, may not exist or may not have assets justifying further proceedings in the case.

[4]    The Relators' counsel affirmatively represented to this Court on the record at a January 25, 2007, conference that the Fifth Complaint would be the last: "What we need at this point, or what we'd like, is an opportunity to amend the complaint one last time . . . ." (Jan. 25, 2007 Tr. at p. 5, l. 13; *see id.*, at p. 9, ll. 9-12 (emphasis added).) The Relators' counsel did not suggest to the Court at that hearing that they needed additional information from the U.S. Department of Justice to conform their "one last" amended complaint to Federal Rule 9(b) requirements. In fact, the Fifth Complaint was based on the Relators' knowledge and information when they filed that pleading on March 7, 2007; only after receiving the Defendants' Motions to Dismiss did the Relators seek discovery of the additional material. The leading commentator notes, "Relators in *qui tam* cases commonly argue that they cannot specify their allegations without government help or further discovery, . . . . Courts have repeatedly held, however, that a complaint alleging fraud must comply with Rule 9(b) when it is filed." Boese, *supra* n.3, at 5.04[C] (citations omitted).

were to proceed, the Defendants would have to shoulder the cost of reviewing the discovery materials, which could be substantial; thus, contrary to Relators' assertion (Opp. at 11), this would indeed "cost the Defendants time and money."[5]  Fourth, an attempt by the Relators to further amend the Fifth Complaint based on any new materials will require the Defendants to spend yet more time and money responding to that futile effort, and this Court to devote more time and resources to motions directed, not only to the adequacy of the allegations to state a claim under Rules 9(b) and 12(b)(6), but also to the Court's subject matter jurisdiction under the principles recently laid down by the Supreme Court in *Rockwell Inter'l Corp. v. U.S. ex rel. Stone*, 127 S. Ct. 1397 (2007).

     4.    Relators argue that their failure to comply with the Federal Rules was "inadvertent" and non-prejudicial. (Opp. at 11-12)  Their position is unavailing, and misses the point.  First, Federal Rule 26(d) barred, and continues to bar, them from initiating *any* discovery. Further, their purported "initial disclosures" attached to their opposition memorandum do not establish grounds permitting discovery.  Rather, Rule 26(d) clearly provides that "[a] party may not seek discovery from any source *before the parties have conferred as required by Rule 26(f).*" There has been no Rule 26(f) conference, nor even a suggestion by the Relators that one be convened.  Therefore, Rule 26(d) prohibits discovery "from any source."  Second, Rule 45(b)(1) precluded the Relators from serving a subpoena without *prior* notice.  Failure to give prior notice is a ground to nullify their subpoena under the cases cited in Movants' opening memorandum. (Docket No. 215 at 4)

---

[5]    The Court need not reach the merits of the subpoena *duces tecum*.  However, the Movants object to its astonishing overbreadth in (i) scope (the subpoena is not limited to the single pharmacy product, Serostim, referenced in the Fifth Complaint, but seeks documents pertaining to any product or service); (ii) time frame (the subpoena seeks documents for 1996-2007, although the Fifth Complaint alleges that the complained-of activities ended in 2000); or (iii) program (the subpoena is not limited to the federal and state healthcare programs referenced in the Fifth Complaint, but extends to any "federal, state or local agency".)  A better example of an improper fishing expedition could not be devised, and the subpoena should be quashed for this reason alone.

6

Relators' characterizations as mere oversights of their multiple failures to comply with the Federal Rules are inconsistent, make no sense for experienced lawyers, and ring hollow. However, even if they were oversights, the Relators have still not complied with Federal Rule 26(d) or obtained this Court's leave to depart from the First Circuit's rule against discovery in *qui tam* actions while motions testing the sufficiency of the complaint are pending.

In addition, the Relators' belated stab at partial Federal Rule 26 compliance by serving "initial disclosures" with their opposition memorandum is extremely revealing. First, they have listed as the "individual[s] likely to have discoverable information that the Plaintiffs may use to support its [sic] claims," only the two Relators themselves, three Serono employees, and the U.S. government. Notably, they do not identify even a single current or former employee of any of the Pharmacy Defendants. Second, the "initial disclosures" admit that the only "documents, electronically stored information, and tangible things that are in the possession, custody, or control of the Plaintiffs and that the Plaintiffs may use to support its [sic] claims" are those "documents [that] have been attached to the Plaintiffs' Fourth Amended Complaint." Few of the attachments to the complaint have any bearing at all on the claims against the Pharmacy Defendants, and the utter failure of the complaint under Rules 9(b) and 12(b)(6) is plainly established in the Defendants' motions to dismiss. Seven years after filing their complaint, and presumably after thoroughly investigating the allegations against the Pharmacy Defendants to comply with their Rule 11(b)(3) certification obligations, the Relators have identified no witnesses who, and no documents that, provide any basis for a complaint that satisfies federal pleading standards.

It is therefore little wonder that the Relators are desperately attempting to use a stealth subpoena in violation of Rules 26 and 45 to try to find something, anything, that might save their

7

wholly inadequate complaint. Yet, the law of this Circuit makes it crystal clear that the Relators may not use discovery, especially a fishing expedition, in the hope that something might turn up. *See, Karvelas*, 360 F.3d at 231 ("In light of the prevailing precedent and the procedures for filing and serving a *qui tam* complaint . . ., we hold that a *qui tam* relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery.") Far from being "meritorious," (Opp. at 5), the Relators' attempt to engage in discovery at this time directly contravenes the law of this Circuit.

## CONCLUSION

The Relators are not entitled to any discovery until they have satisfied Federal Rule 9(b)'s heightened pleading standards and Federal Rules 26 and 45. This Court should require the Relators to adhere to the Federal Rules and the First Circuit's substantive *qui tam law* by imposing a stay on discovery, quashing the subpoena unlawfully issued by the Relators, and directing the Relators and their counsel not to make any further attempts to circumvent the Federal Rules or this Court's authority to control discovery in this case.

Dated: September 28, 2007          Respectfully submitted,
Boston, Massachusetts

                                   /s/ Mayeti Gametchu
                                   Mayeti Gametchu
                                   WOLF BLOCK
                                   One Boston Place
                                   Boston, MA 02108
                                   Tel: (617) 226-4006
                                   Fax: (617) 226-4506

                                   Richard A. Cirillo
                                   Karen R. Kowalski
                                   Cynthia A. Murray
                                   KING & SPALDING LLP
                                   1185 Avenue of the Americas
                                   New York, NY 10036
                                   Tel: (212) 556-2100
                                   Fax: (212) 556-2222

8

Karen S. Guarino
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5138

**Attorneys for BioScrip, Inc.**


/s/ Marcos E. Hasbun
Marcos E. Hasbun
Florida Bar No. 0145270
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel.: (813) 221-1010
Fax: (813) 223-7961
Admitted *pro hac vice*


/s/ Ian Crawford
Ian Crawford (BBO #544475)
Raymond Ausrotas (BBO #640315)
TODD & WELD LLP
28 State Street
Boston, Massachusetts 02109
Tel.: (617) 720-2626
Fax: (617) 227-5777

**Attorneys for Lincourt Pharmacy Corp.**


/s/ Nicholas C. Theodorou
Nicholas C. Theodorou (BBO #496730)
Michael P. Boudett (BBO #558757)
Ara B. Gershengorn (BBO #647305)
Katherine Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000

**Attorneys for CuraScript, Inc.**

9

## CERTIFICATE OF SERVICE

I, Mayeti Gametchu, hereby certify that, on September 28, 2007, this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mayeti Gametchu

10